UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GOMEZ-SANTIAGO,<br>Plaintiff,<br>v.<br>TODD BLANCHE et al.,<br>Defendants. | Case No. 5:26-cv-04647-SB-E<br><br>ORDER DENYING HABEAS PETITION |

Petitioner Andres Gomez-Santiago filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking his immediate release from immigration detention or a bond hearing. The petition is denied.

I.

Petitioner is a citizen of Mexico who first entered the United States in 2001, was removed in 2012, and reentered without inspection that same year. Dkt. No. 1 at 1, 3. In 2025, he filed a Form I-918 Petition for U Nonimmigrant Status based on his having been a victim of a violent crime. *Id.* at 4. On May 21, 2026, while attending a biometrics appointment in connection with his U-visa application, Petitioner was arrested. *Id.* at 5. He has been detained at the Adelanto ICE Processing Center since. *Id.*

Upon Petitioner's arrest, ICE reinstated his prior removal order. In June 2026, an immigration judge (IJ) concurred in a negative reasonable-fear determination. *Id.* at 5–6. Shortly thereafter, U.S. Citizenship and Immigration Services (USCIS) declined favorable bona fide-determination treatment of his Form I-918 petition but did not deny it. *Id* at 6. Petitioner petitioned the Ninth Circuit for review of the reasonable-fear determination and asserted that ICE had violated a preliminary injunction entered in *Immigration Center for Women & Children v. Noem*, No. 2:25-cv-09848-AB-AS (C.D. Cal.) (*ICWC*), by taking enforcement action against him while his U-visa petition was pending. The Ninth Circuit stayed his removal pending resolution of the petition for review. *Gomez-*

*Santiago v. Blanche*, No. 26-4254 (9th Cir. July 6, 2026). Petitioner appeared for a bond hearing on August 6, but the IJ did not reach whether he poses a danger to the community or is a flight risk because the IJ concluded that Petitioner was not detained under 8 U.S.C. § 1226(a).

On August 15, 2026, Petitioner filed this petition for a writ of habeas corpus. Dkt. No. 1. He argues that his detention violates due process because Defendants treat him as if he is detained under § 1231(a) rather than § 1226(a) and he has therefore not received a proper initial bond hearing. *Id.* at 31–32. He seeks release or, alternatively, a bond hearing. He also asserts two claims under the Administrative Procedure Act (APA), one challenging ICE's May 21 enforcement action for failure to apply the victim-based enforcement framework restored by *ICWC*, and another challenging USCIS's decision declining favorable bona fide-determination treatment of his Form I-918 petition. *Id.* at 32–37. The government opposes both release and a bond hearing on the ground that Petitioner is subject to detention under § 1231(a). Dkt. No. 9 at 1. The government does not address the APA claims.

II.

A district court may grant habeas relief to a petitioner who demonstrates that he is in custody in violation of federal law. 28 U.S.C. § 2241(c)(3); *see Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (stating that § 2241 permits federal courts to grant habeas relief to aliens detained "in custody in violation of the Constitution or laws or treaties of the United States"). Petitioner contends that because his removal order is subject to a judicial stay, he is being detained pursuant to § 1226(a) and is therefore entitled to a bond hearing. He is mistaken.

Petitioner's detention is governed by § 1231, not § 1226(a). *Cf. Prieto-Romero v. Clark*, 534 F.3d 1053, 1058–59 (9th Cir. 2008). In *Prieto-Romero*, the Ninth Circuit held that § 1226(a) governed because § 1231 expressly provides that, when a final removal order is under judicial review and removal is stayed, the removal period does not begin until "the date of the court's final order." 8 U.S.C. § 1231(a)(1)(B)(ii). Because the petitioner's removal was stayed pending judicial review and his removal period had not begun, § 1226(a) continued to govern his detention. By contrast, Petitioner is subject to a reinstated removal order, which remains final during proceedings that do not challenge the validity of the order itself. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 535–40 (2021) (holding that § 1231 governs detention under reinstated removal orders during withholding-only proceedings because those proceedings do not disturb the removal order); *see also*

*Padilla-Ramirez v. Bible*, 882 F.3d 826, 830–32 (9th Cir. 2017) (same). In *Padilla-Ramirez*, the Ninth Circuit reasoned that withholding proceedings determine only whether a noncitizen may be removed "to a particular country," not whether he may be "removed from the United States." *Id.* at 832. The same is true of Petitioner's reasonable-fear challenge: even if successful, it could lead to further proceedings to determine whether he ultimately may be removed to Mexico, but it would not disturb the reinstated removal order.

Petitioner's *ICWC* claim does not change this analysis. As discussed, § 1231(a)(1)(B)(ii) postpones the removal period when "the removal order is judicially reviewed" and removal is stayed. 8 U.S.C. § 1231(a)(1)(B)(ii). The *ICWC* claim does not trigger that provision because it challenges ICE's authority to enforce the removal order, not the validity of the order itself. For purposes of § 1231(a)(1)(B)(ii), success on the *ICWC* claim would at most restrict ICE's enforcement of Petitioner's otherwise valid removal order while his U-visa petition was pending. Because the outcome of the *ICWC* claim will not affect the validity of the removal order, that claim does not constitute judicial review of "the removal order" under § 1231(a)(1)(B)(ii) or bring Petitioner's detention within § 1226(a).

Thus, Petitioner has no statutory right to a bond hearing under § 1226(a). *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 582 (2022) (holding that § 1231(a)(6) does not require the government to provide noncitizens detained under that provision with bond hearings after six months of detention).

III.

Petitioner makes several additional arguments, none of which warrants habeas relief.

First, Petitioner claims that his continued detention without an individualized custody determination violates due process because no neutral decisionmaker has determined that he presents a danger to the community or a flight risk. He argues that his liberty interest in freedom from physical restraint, together with the risk of unnecessary detention, requires a hearing at which the government must justify continued confinement by clear and convincing evidence and tailor any conditions of release to reasonable concerns about public safety and flight risk.

The Supreme Court has not foreclosed such an as-applied constitutional challenge. *See Johnson*, 596 U.S. at 583 (holding that § 1231(a)(6) does not itself

require a bond hearing but declining to address whether due process imposes that requirement). Petitioner, however, provides little authority or analysis explaining why due process requires such a hearing here. His argument effectively assumes that a noncitizen subject to a final removal order is constitutionally entitled to release unless the government establishes danger or flight risk. But that assumption is difficult to reconcile with § 1231(a)(2), which mandates detention during the 90-day removal period without requiring either showing. After that period, § 1231(a)(6) makes continued detention discretionary, and 8 C.F.R. § 241.4 sets forth numerous factors in determining whether release is administratively appropriate, including danger, flight risk, criminal history, disciplinary record, community ties, rehabilitation, and the likelihood of removal. *See* 8 C.F.R. § 241.4(f). Petitioner has not shown that this process is constitutionally inadequate to guard against an erroneous deprivation of whatever liberty interest he retains pending removal, particularly in light of "the heightened governmental interest in the immigration detention context." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022).

Second, Petitioner asserts two claims under the APA. He challenges the May 21 enforcement action for failure to apply the victim-based enforcement framework restored by *ICWC* and USCIS's subsequent decision declining a favorable bona fide determination of his Form I-918 petition. Dkt. No. 1 at 32–34, 36–37. Neither claim supports habeas relief. Petitioner acknowledges that *ICWC* does not establish an automatic right to release, and his challenge to USCIS's determination concerns the processing of his U-visa petition rather than the legal basis for his detention. Thus, success on either APA claim would not necessarily establish that Petitioner's present detention is unlawful or require his release. *See Pinson v. Carvajal*, 69 F.4th 1059, 1072–73 (9th Cir. 2023) ("[A] successful claim sounding in habeas necessarily results in release, but a claim seeking release does not necessarily sound in habeas."). Accordingly, neither APA claim provides a basis for relief under § 2241.

IV.

The petition is denied. A final judgment will separately issue.

Date: September 22, 2026

Stanley Blumenfeld, Jr.
United States District Judge